Taylor, Chief-Justice.
 

 The common form of administering an oath is so familiarly knoAVn to all persons in
 
 *207
 
 any degree conversant with the trial of causes, that it is •a very reasonable presumption, 'that magistrates, who are in the daily practice of transacting such business, are conusant of it; and when they certify, on a deposition taken under the authority of a commission, that a witness was sworn, a presumption arises,
 
 prima facie,
 
 that he was duly sworn according to the forms and ceremonies of law. In the act concerning oaths, passed for the very purpose of prescribing the mode of administering them, the legislature has presumed that the practice and detailed form was known to every person, competent to administer them; or, at least, has not thought it necessary to recite it in the act, but leaves it to be gathered from common law and common usage. 1 JVbw
 
 Eero. eh.
 
 069. The certificate to this deposition states, that the witness was sworn on the Holy Evangelists; hut I should have, thought it quite sufficient, if it had simply stated, that the witness was sworn; inasmuch as every witness is legally sworn who takes an oath according to the ceremonies of his peculiar religion, as a Jew on the Pentateuch, and a Gentoo and all others according to the belief in which they are educated. So the affirmation of a Quaker, and of the other sects enumerated in the act of 1777, are equally valid with an oath, however solemn. However the forms may differ, the substance and meaning are the same in all, viz. calling God to witness what we say, and imprecating his vengeance, if we assert a falsehood. When a person is prosecuted for perjury, committed in an answer of Chancery, it is according to the regular practice, and rendered necessary by the coui’se of business, to prove that the defendant took the oath, by the production of the
 
 jurat,
 
 attested by the person before whom it was taken. Such proof is sufficient, at least, to put the party upon showing, or raising a reasonable presumption that he was personated; otherwise it has been thought almost impossible to convict a person of a perjury so committed. (0
 
 Bac.
 
 1189.) If the certificate were de-.
 
 *208
 
 fective on principle, which I do not think it is, the generality of the usage of so making them, with very few exceptions of a more formal statement, was enough to surprise a counsel, who examined a deposition with a view to ascertain whether it was regularly, taken. My opinion consequently is, that there ought to be a new-trial, on the ground of the rejection of legal evidence, and on the ground of surprise, which, although it might bo in matter of law, is not therefore an insufficient reason; for in enumerating the reasons for a new trial, Mr. Justice
 
 Blackstone
 
 states as one, “that either party may be puzzled by a legal doubt, which a little recollec, fion would have solved.” (3
 
 Bl.
 
 390.)
 

 Ham and Henderson, Judges, concurred in granting . a new trial,